IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DOMINIQUE ALEXANDER WILLIAMS,   )
                                )
              Plaintiff,        )
                                )
         v.                     )    1:23CV66
                                )
GUILFORD COUNTY JAIL            )
(GREENSBORO), et al.,           )
                                )
              Defendant(s).     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Guilford County Detention Center, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Complaint (Docket Entry 2) names the Detention Center itself, two of its employees, Detention Officer L. Duff and "Ray," and some of its medical providers, Dr. W. Haq and "Wellpath Staff (Nurses)," as Defendants. The Complaint alleges generally that the Detention Center and its employees allowed a puddle of water to remain on the floor and did not warn Plaintiff of the puddle. He slipped and fell, injuring his back. The Complaint also alleges that the medical Defendants did not provide proper treatment for the injury. The Complaint seeks over a million dollars in damages as a result.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, most of the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted. Only the claims against Defendant Haq should be allowed to proceed.

The first Defendant named in the Complaint is the Guildford County Jail or Detention Center. Section 1983 authorizes suits against "persons," but this Defendant is a building, not a person and, therefore, not a proper Defendant in this action. The Court notes that the Guilford County Sheriff is a person who could potentially be substituted for the Detention Center. However, the Complaint does not set out any basis for naming the Sheriff as a Defendant. The Detention Center should be dismissed from the case.

The next Defendant is Detention Officer Duff. The Complaint alleges that water leaked from vents onto the floor of the Detention Center on July 27, 2022, that Defendant Duff was the officer in charge of Plaintiff's housing pod on that date, that she conducted an inspection of the pod, and that she then released inmates for recreation without putting up any wet floor sign or warning inmates of the water on the floor. (Docket Entry 2 at 6, 13.) The Complaint claims that this was a breach of her duties to properly inspect and warn inmates of any dangers and that the breach proximately caused Plaintiff's injuries when the thereafter slipped and fell on the water in the floor. (Id. at 13.) When determining whether allegations state a claim under § 1983 based on dangerous conditions,

> [c]ourts evaluate pretrial detainees' conditions of confinement in state custody under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). "The due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir.

1988). In that regard, "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 200 (1989).

Durand v. Charles, No. 1:16CV86, 2016 WL 7495811, at *3 (M.D.N.C. Dec. 30, 2016) (unpublished) (emphasis deleted), rec. adopted, 2017 WL 389108 (M.D.N.C. Jan. 26, 2017) (unpublished). Regarding prison conditions, the Fourth Circuit has stated that

> [i]n order to establish that [he] has been subjected to cruel and unusual punishment, a prisoner must prove (1) that "the deprivation of [a] basic human need was objectively 'sufficiently serious,' " and (2) that " subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (second alteration in original) (quoting Wilson, 501 U.S. at 298, 111 S.Ct. 2321). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See Hudson, 503 U.S. at 8-9, 112 S.Ct. 995. In order to demonstrate such an extreme deprivation, a prisoner must allege "a serious or significant physical or emotional injury resulting from the challenged conditions," Strickler, 989 F.2d at 1381, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions, see Helling, 509 U.S. at 33-35, 113 S.Ct. 2475. The subjective component of an Eighth Amendment claim challenging the conditions of confinement is satisfied by a showing of deliberate indifference by prison officials. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835, 114 S.Ct. 1970. It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. See id. at 837, 114 S.Ct. 1970; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995).

De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003).

-4-

Here, the allegations in the Complaint fall short because there is no allegation that Defendant Duff actually knew that the puddle existed and posed a risk to inmates, but disregarded that risk. Instead, the Complaint alleges only that Defendant Duff had a duty to inspect, that she also had a duty to warn about dangers of which she knew or should have known, and that she breached those duties. This amounts to nothing more than negligence and does not rise nearly to the level of deliberate indifference. Therefore, the Complaint fails to state any claim against Defendant Duff under § 1983 and she should be dismissed from the case.

The next Defendant named is Defendant "Ray," who the Complaint describes as the head of maintenance and security at the Detention Center. The Complaint actually sets out no facts as to Defendant Ray and any claim against him can be dismissed on this basis alone. Further, to the extent Plaintiff may contend that Defendant Ray had a duty to inspect the pod to discover and fix the leak or that he is liable due to his position as the supervisor of maintenance, these claims would also fail. Any duty to inspect would again only support a claim of negligence, not deliberate indifference, and theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Iqbal, 556 U.S. at 677. The Court should also dismiss Defendant Ray from the case.

Regarding the medical Defendants, the naming of "Wellpath Staff (Nurses)" is simply too vague, at least in light of the facts alleged. The Complaint does not contain facts which would make every nurse employed by Wellpath potentially liable for any claim. It also fails to describe any particular nurse or nurses who may be liable. Therefore, the Complaint fails

-5-

Case 1:23-cv-00066-CCE-LPA    Document 4    Filed 01/26/23    Page 5 of 9

to state a proper claim against "Wellpath Staff (Nurses)" and they should also be dismissed from the case.

Finally, the Complaint names Dr. Haq as a Defendant based on allegations that he refused to send Plaintiff to a hospital for treatment even after another doctor stated that he needed to go, that he advised Plaintiff to take a hot shower and exercise instead, that he would not send Plaintiff to physical therapy because it was too expensive, that he refused to treat Plaintiff for pain for 90 days. (Docket Entry 2 at 15.) Deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Moreover, mere disagreement with treatment received is not enough to state a claim for relief. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011). Here, some of the allegations against Defendant Haq are arguably no more than a disagreement over treatment. However, the alleged refusal to send Plaintiff for physical therapy due to the expense and the alleged refusal to treat Plaintiff for pain for 90 days are sufficient to state a claim for relief at this time. The Complaint should, therefore, proceed as to Defendant Haq.

As for Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment of $6.67. Failure to comply with this Order will lead to dismissal of the Complaint.

-6-

Finally, Plaintiff filed a Motion (Docket Entry 3) seeking an appointment of counsel. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, court assistance in obtaining counsel constitutes "a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In this regard, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

After reviewing the present case in light of these standards, the Court concludes that Plaintiff has set out the basis for his claims and does not lack the capacity to present the claim that is going forward. Therefore, the Court will deny Plaintiff's Motion at this time. If circumstances change, the Court can revisit the matter.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $6.67.

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff's current custodian and/or trust officer shall, starting with the month of March of 2023 collect, set aside, and pay from Plaintiff's trust account on a continuing basis 20 percent of the deposits to Plaintiff's account until the full filing fee and any costs, should they be assessed at a later date, have been paid in full.[2] Unless the Court orders otherwise and except for final payment, such payments shall be made each time the set aside balance in Plaintiff's account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:23CV66, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

---

[2]If Plaintiff is currently assigned to work release, the amounts set aside from work release earnings shall be treated as court costs under the North Carolina statutes governing priority of payouts for work release prisoners, N.C.G.S. § 148-33.1(f)(4). If the earnings in any month are not sufficient to cover the expenses listed in N.C.G.S. § 148-33.1(f)(1)-(f)(3a) without infringing on the set aside amount, then the excess expenses may be deducted from the set aside amount.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff a summons for Defendant Haq. Plaintiff must fill out a summons, including an address suitable for service, and then return the summons to the Clerk. Failure to provide an address wherein service may be made will result in the dismissal of the action as to the unserved defendant after 90 days from the filing of the complaint. See Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that the United States Marshal, upon return of the properly completed summons shall serve the Complaint on the defendant.

IT IS FURTHER ORDERED that Plaintiff's Motion (Docket Entry 3) seeking an appointment of counsel is denied.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted except for Plaintiff's claim against Defendant Haq for deliberate indifference to a serious medical need.

This, the 26th day of January, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**